1   Noah A. Katsell (Bar No. 217090)
    noah.katsell@dlapiper.com
2   **DLA PIPER US LLP**
    401 B Street, Suite 1700
3   San Diego, CA  92101-4297
    Tel:  619.699.2700
4   Fax:  619.699.2701

5   Amy Weinfeld Schulman (To apply pro hac vice)
    amy.schulman@dlapiper.com
6   **DLA PIPER US LLP**
    1251 Avenue of the Americas
7   New York, NY  10020-1104
    Tel:  212.335.4500
8   Fax:  212.335.4501

9   Attorneys for Defendant
    Kraft Foods Global, Inc.

10

11                  UNITED STATES DISTRICT COURT

12                SOUTHERN DISTRICT OF CALIFORNIA

13

14  ADRIANNE SMITH, as an individual and         CASE NO.  07 CV 2192 BEN (WMC)
    on behalf of all others similarly situated,
15                                               Assigned to Hon. Roger T. Benitez

16              Plaintiff,                        **DEFENDANT KRAFT FOODS GLOBAL,
                                                 INC.'S REQUEST FOR JUDICIAL
17          v.                                   NOTICE IN SUPPORT OF ITS MOTION
                                                 TO DISMISS FIRST AMENDED
18                                               COMPLAINT**

19  KRAFT FOODS GLOBAL, INC., a                  [Filed concurrently with (1) Notice of Motion
    Delaware corporation,                        and Motion to Dismiss and (2) Memorandum of
20                                               Points and Authorities in Support of Motion to
                                                 Dismiss First Amended Complaint]
21              Defendant.

22                                               Date:   May 19, 2008
                                                 Time:   10:30 a.m.
23                                               Place:  Courtroom 3

24

25

26

27

28

DLA PIPER US LLP
   SAN DIEGO                                                    Case No. 07 CV 2192 BEN (WMC)

1    Defendant Kraft Foods Global, Inc., pursuant to Federal Rule of Evidence 201,

2    respectfully requests that the Court take judicial notice of the following:

3    1.    Minutes of In Chambers Order by Hon. R. Gary Klausner, McKinniss v. Sunny

4    Delight Beverages Co., Case No. CV 07-2034 RGK (JCx) (C.D. Cal. entered Sept. 4, 2007),

5    attached hereto as Exhibit A;

6    2.    Minutes of In Chambers Order by Hon. Gary Allen Feess, McKinniss v. General

7    Mills, Inc., CV 07-2521 GAF (FMOx) (C.D. Cal. entered Sept. 19, 2007), attached hereto as

8    Exhibit B;

9    3.    Minutes of In Chambers Order by Hon. Audrey B. Collins, McKinniss v. Kellogg

10    USA, CV 07-2611 ABC (RCx) (C.D. Cal. entered Sept. 21, 2007), attached hereto as Exhibit C.

11    In these Orders, Judge Klausner, Judge Feess, and Judge Collins dismissed, with prejudice

12    and without leave to amend, three separate actions filed in the Central District based on claims

13    that are similar to the claims that Plaintiff asserts in this action.  Kraft respectfully submits that

14    the courts' analysis and disposition in these three cases are relevant to the arguments raised in

15    Kraft's Motion to Dismiss.

16    It is proper on a Rule 12(b)(6) motion to dismiss for a court to take judicial notice of

17    another court's opinion "for the existence of the opinion, which is not subject to reasonable

18    dispute over its authenticity." Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001).

19    The decisions and orders of a district court may be judicially noticed, as they are public records

20    which are "capable of accurate and ready determination by resort to sources whose accuracy

21    cannot reasonably be questioned." Fed. R. Evid. 201(b); see Marsh v. San Diego County, 432 F.

22    Supp. 2d 1035, 1043 (S.D. Cal. 2006) ("A court may take judicial notice of the existence of

23    matters of public record, such as a prior order or decision[.]"); Wible v. Aetna Life Ins. Co., 375

24    F. Supp. 2d 956, 965 (C.D. Cal. 2005) ("This court may take judicial notice of its own records,

25    and documents that are public records and capable of accurate and ready determination by

26    sources that cannot reasonably be questioned."); see also United States v. Wilson, 631 F.2d 118,

27    119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its own records in other

28    cases, as well as the records of an inferior court in other cases."); Perry v. The Upper Deck Co.,

1  <u>LLC</u>, Case No. 05 CV 1329 LAB (CAB), 2007 WL 1449797, at *2 (S.D. Cal. May 11, 2007)

2  (taking judicial notice of a ruling in a California state court action where the Court found the

3  record "relevant as having some bearing on the Court's analysis of the issues in this case");

4  <u>Lundquist v. Cont'l Cas. Co.</u>, 394 F. Supp. 2d 1230, 1243 (C.D. Cal. 2005) (taking judicial notice

5  of orders filed in the Central and Northern Districts of California as persuasive authority on issue

6  presented); <u>BP West Coast Prods., LLC v. Greene</u>, 318 F. Supp. 2d 987, 994 (E.D. Cal. 2004)

7  (taking judicial notice of "the opinions, complaints, briefs, and evidence filed in other actions" in

8  order to "review how other courts have addressed" the "arguments and contentions" raised in the

9  controversy before it); <u>Wendt v. Smith</u>, 273 F. Supp. 2d 1078, 1082 (C.D. Cal. 2003) (taking

10  judicial notice of "various opinions of the U.S. District Courts and unpublished opinions of the

11  Ninth Circuit"); <u>Gardiner v. Provident Life & Accident Ins. Co.</u>, 158 F. Supp. 2d 1088, 1098–99

12  (C.D. Cal. 2001) (taking judicial notice of a document entitled "Civil Minutes – General" that had

13  been issued by the same court in a different action).

14

15  Dated:  April 21, 2008                           DLA PIPER US LLP

16

17                                                     s/Noah A. Katsell
                                                       Attorneys for Defendant Kraft Foods Global, Inc.
18                                                     E-mail:  noah.katsell@dlapiper.com

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBITS**

**Exhibit**                                                                                                    **Page**

Exhibit A.................................................................................................................1

Exhibit B.................................................................................................................9

Exhibit C...............................................................................................................18

DLA Piper US LLP
San Diego

Case No. 07 CV 2192 BEN (WMC)

# EXHIBIT A

**ORIGINAL**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Priority ✓
Send ✓
Enter ✓
Closed ___
JS-5/JS-6 ✓
JS-2/JS-3 ___
Scan Only ___

| Case No. | CV 07-02034-RGK (JCx) | Date | SEP 4 2007 |
|---|---|---|---|

| Title | MARK C. MCKINNISS, et al v. SUNNY DELIGHT BEVERAGES CO., et al |
|---|---|

ENTERED
CLERK, U.S. DISTRICT COURT
SEP 4 2007
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

Not Present                                          Not Present

**Proceedings:**       (IN CHAMBERS) DEFENDANT'S MOTION TO DISMISS (DE 25)

## I.    INTRODUCTION

On March 28, 2007, Plaintiffs Mark and Darleen McKinniss ("Plaintiffs"), citizens of California, commenced this action as individuals and on behalf of California consumers against Defendant Sunny Delight Beverages, Co. ("Defendant"), a Florida corporation. Plaintiffs seek certification as a class pursuant to California law and Rule 23. Plaintiffs' causes of action against Defendant include: 1) violations of the California Unfair Competition Law (Cal. Bus. & Profs. Code § 17200, et seq.) ("UCL"); 2) violations of the California Fair Advertising Law (Cal. Bus. & Profs. Code § 17500 et seq.) ("FAL"); 3) negligent misrepresentation; 4) breach of express warranty; 5) unjust enrichment; and 6) violations of the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750 et seq.) ("CLRA"). By way of its current motion, Defendant seeks dismissal of the claims asserted against it.

## II.    FACTUAL BACKGROUND

At issue is the allegedly deceptive labeling used to promote several of Defendant's beverage products, including SunnyD, SunnyD Intense Sport, SunnyD Orange Blends, and SunnyD Baja.

Plaintiffs allege that the terms and imagery on Defendant's product labels, including the names used to describe the various beverages ("Orange Fused Pineapple," "Orange Fused Peach," and the like) and the colorful depictions of assorted fruits, combined with the placement of Defendant's products alongside "real" fruit beverages in retail establishments creates confusion and misrepresents the content and nutritional value of Defendant's products. Plaintiffs contend that Defendant's products are, despite the depictions of oranges, apples, and other fruits on their product labels, little more than sugar water with negligible amounts of juice.

Plaintiffs are a married couple with young children who, during the past four years, purchased

Exh. A
Page 2

38.

Defendant's beverage products after being exposed to the representations on Defendant's products. Plaintiffs, concerned about providing their children with healthy foods, claimed to have purchased Defendant's products only after concluding, principally on the basis of the terms and pictures on the products' labels, that the products contained significant amounts of real fruit.

Plaintiffs claimed to have only learned about the true fruit content of Defendant's beverage products when they read an article published in the *Los Angeles Times* concerning a study by the Strategic Alliance for Healthy Food and Activity Environments ("Strategic Alliance"). That study examined the fruit content of various food products marketed to children and concluded that many, including Defendant's products, had little or no fruit content despite being packaged in a manner that suggested the presence of fruit.

In essence, Plaintiffs claim that they relied, to their detriment, on the allegedly misleading depictions of fruit on Defendant's product labels when they purchased Defendant's products, and that they only realized their error after reading the *Times* article and the Strategic Alliance study. Based on these misleading depictions, Plaintiffs allege the aforementioned six causes of actions.

## III.    JUDICIAL STANDARD

Under Federal Rules of Civil Procedure ("Rule") Rule 12(b)(6), a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in a light most favorable to the non-moving party. *Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002). Moreover, the court must assume that general allegations in the complaint embrace the necessary, specific facts to support them. *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994).

However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or legal conclusions merely because they are cast in the form of factual allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, courts will not assume that a plaintiff can prove "facts which [she has] not alleged, or that the defendants have violated ... laws that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In short, while a plaintiff's complaint need not provide detailed factual allegations, it must allege facts sufficient to raise a right to relief that rises above the level of mere speculation and is plausible on its face. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007) (abrogating *Conley v. Gibson* and holding that dismissal pursuant to Rule 12(b)(6) *does not* require appearance, beyond a doubt, that plaintiff can prove no set of facts in support of claim that would entitle him to relief).

In deciding whether to dismiss a claim under Rule 12(b)(6), a court is generally limited to reviewing only the complaint, but it may also review additional materials which are properly submitted as part of the complaint and take judicial notice of public records outside the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

## IV.    DISCUSSION

As a preliminary matter, Defendant claims that all of Plaintiffs' claims are preempted by the Food, Drug, and Cosmetic Act. For the reasons below, the Court need not address the merits of this claim.

Defendant also advances four arguments that go to the merits of Plaintiffs' claims. First, Defendant claims that Plaintiffs have failed to allege sufficient facts to show that a reasonable consumer would be misled by Defendant's packaging, a threshold question under any UCL, FAL, or CLRA claim. Second, Defendant claims that Plaintiffs have failed to allege sufficient facts to establish negligent representation because they cannot show either that the assertions on Defendant's packaging are false or that they justifiably relied on those assertions. Third, Defendant claims that Plaintiffs have failed to allege sufficient facts to establish breach of any express warranty because they cannot show how Defendant's products failed to conform to the affirmations or promises on the packaging. Finally, Defendant claims that because there is no cause of action for unjust enrichment under California law, Plaintiffs' unjust enrichment claim must fail. For the reasons that follow, the Court agrees and therefore dismisses, with prejudice, all claims against Defendant. Moreover, leave to amend is denied.

A.    **Plaintiffs' Causes of Action under the UCL, FAL, and CLRA Fail as a Matter of Law.**

In order to state a claim under the UCL, FAL, or CLRA, Plaintiffs must allege that statements or other representations appearing on Defendant's product labels are likely to deceive a reasonable consumer. *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995); *Williams v. Gerber Prods., Co* , 439 F.Supp.2d 1112, 1115 (S.D. Cal. 2006); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal.App.4th 1351, 1360 (Cal. App. 2 Dist. 2003). If an alleged misrepresentation would not deceive a reasonable consumer or amounts to mere puffery, then any cause of action having deception as an element may be addressed, as a matter of law, on a motion to dismiss. *Haskell v. Time, Inc.*, 857 F.Supp. 1392, 1399 (E.D. Cal. 1994).

The term "likely" indicates that deception must be probable, not just possible. *Freeman*, 68 F.3d at 289. The primary evidence in a matter alleging a misleading statement on product packaging is the packaging itself. *Brockey v. Moore*, 107 Cal.App.4th 86, 100 (Cal. App. 3 Dist. 2003). Accordingly, this Court may properly consider the allegedly deceptive product labels attached to the parties' pleadings. *Hal Roach Studios, Inc. v. Richard Feiner & Co , Inc.*, 896 F.2d 1542, 1555, n. 19 (9th Cir. 1990).

California courts have defined the "reasonable consumer" as an ordinary member of the consuming public who acts reasonably under all of the circumstances. *Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496, 510, 512 (Cal. App. 1 Dist. 2003). While a reasonable consumer may be unwary or trusting, unless a challenged statement deliberately targets a particular disadvantaged or vulnerable group, it is still judged by the effect it would have on a reasonable consumer. *Id.* at 506; *Haskell*, 857 F.Supp at 1399.

Here, Plaintiffs allege that Defendant represents its beverages as juice products containing substantial amounts of fruit. (Pl.'s FAC, p. 4:20-22.) To support this allegation, Plaintiffs first claim that the various fruit names used to describe the flavors of Defendant's products ("Orange Fused Pineapple," "Orange Fused Peach," and the like) imply that a significant amount of fruit or fruit juice is contained in the products. (Pl.'s FAC, p. 4:22-26.) Second, Plaintiffs claim that by prominently displaying images of fruit on its product labels, Defendant is implying that its beverages have a high fruit content. As an example, Plaintiffs describe the product label of "SunnyD Tangy Original," which features a picture of an orange with whimsical rays of sunlight emanating from it, as well as pictures of orange, apple, and grapefruit slices. (Pl.'s FAC, p. 4:26-28, 5:1-4.) Finally, Plaintiffs claim that the placement of Defendant's products next to "real" fruit drinks in retail establishments creates the impression that Defendant's product is a genuine fruit drink. (Pl.'s FAC, 5:4-10.) In short, Plaintiffs allege that the juxtaposition of the names and fruit images with the actual list of ingredients on the product labels creates confusion and constitutes misrepresentation of the content and nutritional value of

Exh. A
Page 4

Defendant's products, many of which contain 2% fruit juice or less. (Pl.'s FAC, ¶ 9.)

To place Plaintiffs' claims in context, the Court notes that the label for "SunnyD Tangy Original" prominently features a picture of the Sun (not an orange, as Plaintiffs claim), rising above the surf, with rays of light emanating from it.[1] To the right of the Sun are pictures of orange, grapefruit, and lime slices. Most importantly, in the lower right corner of the label, the words "ORANGE FLAVORED CITRUS PUNCH" appear in capital letters. Nowhere on the label do the words "fruit juice" appear. It is undisputed that on the back of the label, water and high fructose corn syrup are listed as the most prominent ingredients. It is also undisputed that Defendant's product labels identify the precise percentage of fruit juice in each beverage.[2] Moreover, it is undisputed that Defendant's packaging truthfully identifies that each of its products contains 2% or less of concentrated orange, tangerine, apple, lime, or grapefruit juice.

All of the labels in question contain similar depictions: a rising sun, slices of various fruits, and bold, capitalized print to indicate that the product in question is not fruit juice but merely flavored with concentrated fruit juices. Moreover, all of the labels list water and high fructose corn syrup as the most predominant ingredients, and all state that each product contains 2% or less of various fruit juices.

Assuming, as we must, that Plaintiffs' allegations are true, this Court finds, for the following reasons, that these allegations fail to state any cognizable claim. First, the depiction of fruit on a product label is not a specific affirmation that a product contains a particular amount of fruit. In fact, the depiction of fruit on a product label is not a specific affirmation that a products contains *any fruit at all.* FDA regulations permit illustrations of fruit on product labels to indicate that product's "characterizing flavor," even where the product contains no ingredients derived from the depicted fruit. *See* 21 C.F.R. § 101.22(i)(1)(i-iii). Plaintiffs do not dispute that each of Defendant's product labels features the term "flavored" and also discloses the precise amount of fruit juice in each beverage.

Second, no reasonable consumer, upon review of the label as a whole (even when, as Plaintiffs suggest, Defendant's product is intentionally placed alongside "real" fruit juices in a retail establishment) would conclude that Defendant's products contain significant quantities of fruit or fruit juice, particularly when the label identifies the product as fruit "flavored" and indicates the exact fruit content of each product. Nutritional labels have long been required on food products and are familiar to almost every reasonable consumer. *See* 21 C.F.R. § 101.9 (providing, with few exceptions, that "nutrition information relating to food shall be provided for all products intended for human consumption and offered for sale ...."). Where a consumer can readily and accurately determine the composition and nutritional value of a product (here, by reading the front and back of the label), no reasonable consumer would be misled or deceived by depictions of fruit on a label. *See Williams,* 439 F.Supp.2d at 1116. A reasonable consumer who makes even a cursory review of the product labels at issue here would find not only the precise fruit content of Defendant's products, but also that Defendant's products are fruit "flavored" and contain minimal quantities of concentrated fruit juice.

In sum, the Court finds that depictions of various fruit on Defendant's product labels are simply

---

[1] The court takes judicial notice of the high-resolution color exemplars of the labels submitted by Defendant in its June 20, 2007 Request for Judicial Notice, Exhs. A-E. These exemplars better portray the packaging than the black and white photocopy attached to Plaintiffs' FAC.

[2] In the case of "SunnyD Tangy Original," the label states "CONTAINS 5% JUICE." The other labels feature the exact same language.

not deceptive as a matter of law. As a result, Plaintiffs' First, Second, and Sixth Causes of Action are dismissed with prejudice.

**B.**   **Plaintiffs Fail to Allege Sufficient Facts to Support a Claim of Negligent Misrepresentation.**

Negligent misrepresentation is the assertion of a false statement, honestly made in the belief it is true, but without reasonable ground for such belief. Cal. Civ. Code, §§ 1572, 1710; *Bily v. Arthur Young & Co.*, 3 Cal.4th 370, 407-08 (Cal. 1992). In order to make out a claim for negligent misrepresentation, a plaintiff must allege, inter alia, that the defendant negligently provided false information and that the plaintiff reasonably relied on that false information to his detriment. *See Maneely v. Gen. Motors Corp.*, 108 F.3d 1176, 1181 (9th Cir. 1997); *see also Garcia v. Super. Ct.*, 50 Cal.3d 728, 734-35 (Cal. 1990).

As noted earlier, a manufacturer may place pictures of fruit on its product labels even when those products actually contain no fruit. The depiction of fruit on a label is not indicative of the presence of fruit or the particular percentage of fruit content in a product. Where a product is merely fruit flavored or, as here, actually contains fruit, a manufacturer may depict fruit on a product label to indicate this. Moreover, Defendant's product labels actually indicate that the beverages in question are fruit "flavored" and list the precise percentage of concentrated fruit juice in each product. In short, there is simply no false information on which to base a claim of negligent misrepresentation.

Assuming, arguendo, that the depictions of fruit on Defendant's product labels constitute misrepresentations, Plaintiffs cannot establish reasonable reliance on such depictions because they constitute mere puffery. Puffery is the expression of an exaggerated opinion made with the intent to sell a good or service. Black's Law Dictionary 582 (3d Pocket Ed. 2006). Statements that amount to puffery are not actionable because no reasonable consumer relies on puffery. *See Cook Perkiss & Liehe v. N. Cal. Collection Servs.*, 911 F.2d 242, 245 (9th Cir. 1990). Reasonable reliance is further undermined by the fact that a quick glance at the back of Defendant's product labels reveals the precise ingredients and percentage of fruit in the products. Simply put, Plaintiffs have failed to allege facts sufficient to support a negligent misrepresentation claim, and their Third Cause of Action is therefore dismissed with prejudice.

**C.**   **Plaintiffs Fail to Allege Sufficient Facts to Support a Claim of Breach of Express Warranty.**

To state a claim under a theory of breach of an express warranty, Plaintiffs must allege facts sufficient to show that Defendant made affirmations of fact or promises that became part of the basis of the bargain between the parties. Cal. Com. Code § 2313(1); *Pisano v. Am. Leasing*, 146 Cal.App.3d 194, 197-98 (Cal. App. 1 Dist. 1983). A description of the goods can create an express warranty as long as that description became part of the basis of the bargain between the parties. Cal. Com. Code § 2313(1)(b). Plaintiffs allege that the depictions of fruit on Defendant's product labels, juxtaposed with the actual fruit content listed on the labels and the retail placement next to actual fruit products, constituted a representation of fact and a promise by Defendant that its products contained significant quantities of fruit. Plaintiffs also allege that they only purchased Defendant's products because those representations led them to believe that the beverages would form a healthy part of their children's diet.

Unlike specific and unequivocal written statements, however, the depictions of fruit on Defendant's product labels make no explicit guarantees about the exact percentage of fruit in a particular beverage. *Cf. Hauter v. Zogarts*, 14 Cal.3d 104, 112-13 (Cal. 1975) (phrase "completely safe ball - will not hit player" found to constitute factual representation); *Keith v. Buchanan*, 173 Cal.App.3d 13, 22 (Cal. App. 2 Dist. 1985) (phrase "a carefully well-equipped and very seaworthy vessel" found to

constitute factual representation). It is simply unreasonable to believe that Defendant intended to guarantee the precise fruit content of its products through whimsical depictions of fruit on its product labels.

Assuming, arguendo, that the depictions of fruit do constitute affirmations of fact or promises regarding the fruit content of Defendant's products, there has been no breach of those promises. Defendant's products do contain concentrated fruit juice from each of the fruits depicted on the labels in quantities that are disclosed on the back of those labels. In short, Plaintiffs have failed to allege sufficient facts to make out a claim for breach of an express warranty, and their Fourth Cause of Action is therefore dismissed with prejudice.

### D. Plaintiffs Fail to Allege Sufficient Facts to Support a Claim of Unjust Enrichment.

There is no cause of action for unjust enrichment in California; rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust. *McKell v. Washington Mut., Inc.*, 142 Cal.App.4th 1457, 1490 (Cal. App. 2 Dist. 2006). Quasi-contract can serve as the basis for the equitable remedy of restitution where one party obtains a benefit which he may not justly retain. *McBride v. Boughton*, 123 Cal.App.4th 379, 388 n. 6 (Cal. App. 1 Dist. 2004). In essence, quasi-contract is an obligation created by law, without regard to the parties' intentions, which is designed to restore the aggrieved party to his former position. *Id.*

Plaintiffs have alleged no facts to indicate the existence of a constructive trust between themselves and Defendant. The only possible premise of Plaintiffs' claim for unjust enrichment is that they are entitled to restitution on a quasi-contract theory as a result of Defendant's tortious conduct. As noted earlier, however, Plaintiffs cannot allege sufficient facts to support *any* claims based on the depiction of fruit on Defendant's product labels, the placement of Defendant's products in retail establishments, or the combined effects of these acts. Therefore, Plaintiffs cannot make out a cognizable claim for unjust enrichment, and their Fifth Cause of Action is dismissed with prejudice.

### E. Leave to Amend Would be Futile as to Plaintiffs' Claims Against Defendant.

Rule 15(a) prescribes a liberal amendment policy, providing that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Thus, if the underlying facts or circumstances of a plaintiff's complaint may be a proper subject of relief, that plaintiff should be afforded an opportunity to test her claims on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, a court may, in its discretion, deny leave to amend where amendment would be futile because the plaintiff can prove no set of facts that would constitute a valid claim. *See Foman*, 371 U.S. at 182; *see also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Futile amendments should not be permitted, and futility can, by itself, justify the denial of a request for leave to amend. *U.S. ex rel. Lee v. SmithKline Beecham, Inc*, 245 F.3d 1048, 1052 (9th Cir. 2001).

Here, Plaintiffs have amended their complaint once before. A district court's discretion over amendments is especially broad where a plaintiff has already had one or more opportunities to amend a complaint. *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980).

The reasons for denying leave to amend in this matter are apparent from the foregoing analysis. The deficiencies in Plaintiffs' complaint cannot be overcome through yet another amendment because the facts of this matter, however artfully pled, simply do not support Defendant's liability under any cognizable legal theory. Accordingly, leave to amend Plaintiffs' complaint is denied.

## V.    <u>CONCLUSION</u>

In light of the foregoing, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is **GRANTED**. Leave to amend Plaintiffs' complaint is **DENIED**. All claims against Defendant are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Initials of Preparer _____ slw

**EXHIBIT B**

LINKS: 13, 14

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-2521 GAF (FMOx) | Date | September 18, 2007 |
|----------|------------------------|------|---------------------|

| Title | McKinniss v. General Mills, Inc. |
|-------|----------------------------------|

| Present: The Honorable | **GARY ALLEN FEESS** | |
|------------------------|----------------------|-----|
| Marilynn Morris | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| None | None |

**Proceedings:**    **(In Chambers)**

DOCKETED ON CM
SEP 19 2007
BY _____ UU5

## ORDER RE: DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT

### I. INTRODUCTION AND BACKGROUND

Plaintiffs Mark and Darleen McKinniss are a married couple with three children and allege Defendant General Mills, Inc., a food manufacturer, packages some of its cereal and yogurt products in a way that misleads consumers into believing these products contain real fruit or fruit juice when in fact there is none. (First Amended Compl. ("FAC") ¶¶ 7, 8.) The five products at issue are: Berry Berry Kix, Trix Cereal, Fruity Cheerios, Trix Yogurt (Strawberry Kiwi), and Yoplait Go-Gurt Yogurt (Strawberry Splash). (Id. ¶ 8.) While Plaintiffs acknowledge that the ingredient list for each product reveals it contains no fruit (see id. ¶ 7), Plaintiffs allege the juxtaposition of words like "natural fruit flavors" and pictures of fruits and berries on the product's packaging creates confusion and thereby misrepresents the composition of these products. (Id.) Over the past four years, Plaintiffs purchased these products after supposedly being misled by Defendant that these products contained real fruit or fruit juice. (Id. ¶ 8.) Despite the presence of an ingredient list on each package of Defendant's products, Plaintiffs contend that they did not learn the true content of these cereal and yogurt products until they read a February 2007 *Los Angeles Times* article noting that the fruit content of many food products, including Defendant's, contained little or no fruit content despite being packaged in a manner suggesting the presence of fruit. (Id. ¶ 9.)[1]

25

---

[1] The Court notes that at the hearing on this motion, Plaintiffs argued that the operative complaint encompasses more than just the packaging and includes the marketing of the products through various media and on the internet. In fact, while the operative complaint makes reference to the marketing of the products at issue, the allegations focus on the packaging and specifically assert that "The Plaintiffs . . were misled by the original packaging on the products representing that each product contained real fruit or real fruit juice." (FAC ¶ 8.)

Exh. B

LINKS: 13, 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

 Case No.    CV 07-2521 GAF (FMOx)          Date   September 18, 2007

Title    McKinniss v. General Mills, Inc.



Plaintiffs then filed the instant putative class action. The FAC – the operative complaint – alleges six causes of action: (1) violation of California Business and Professions Code § 17200, *et seq.* (Unfair Competition Law or "UCL"), (2) violation of California Business and Professions Code § 17500, *et seq.* (False Advertising Law or "FAL"), (3) negligent misrepresentation, (4) breach of express warranty, (5) violation of the Consumers Legal Remedies Act (California Civil Code § 1750, *et seq.*, or "CLRA"), and (6) unjust enrichment.[2]

Pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, Defendant moves to dismiss the FAC or, in the alternative, to strike portions of the FAC. For a variety of reasons, most notably that the packaging of Defendant's products contains no false statements, the Court **GRANTS** Defendant's motion to dismiss Plaintiffs' FAC with prejudice and without leave to amend. The motion to strike is thus **DENIED** as moot.

## II. DISCUSSION

### A. THE LEGAL STANDARD FOR A 12(B)(6) MOTION TO DISMISS

Rule 12(b)(6) allows a party to bring a motion to dismiss for a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may not dismiss a complaint pursuant to Rule 12(b)(6) unless it appears beyond doubt that the facts which the plaintiff has alleged will not, even if believed by a trier of fact, entitle him to relief on the theory he asserts. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007). The Court accepts all factual allegations pleaded in the

---

Further, they contend:

> They trusted General Mills' label because of the company's long history of producing other wholesome breakfast cereals. They relied on the representations on the packaging of the subject cereal and yogurt products, rather than inspecting the specific ingredients.

Id. Viewed in its entirety and placing each of its allegations in context, the FAC plainly focuses on the representations on the product packaging as setting forth the misrepresentations (express or implied) that form the basis of this lawsuit.

[2] The Court notes that Plaintiffs have filed similar actions in four other courts within this district. [McKinniss v. Pepsico, Inc., CV 07-02609 JFW (MANx), McKinniss v. Sunny Delight Beverages Co., CV 07-02034 RGK (JCx), McKinniss v. Kellogg USA, et al., CV 07-2611 ABC (RCx), and McKinniss v. The Dannon Co., Inc., CV 07-01664 GHK (CTx)]. On June 13, 2007, Judge Walter issued an order granting without leave to amend Defendant Pepsico's Motion to Dismiss pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. On September 4, 2007, Judge Klausner issued an order granting without leave to amend Defendant Sunny Delight's Motion to Dismiss pursuant to Rule 12(b)(6). It appears Defendant Kellogg has filed a Motion to Dismiss the FAC which is scheduled for hearing on September 24, 2007 before Judge Collins. It also appears Defendant Dannon has filed a Motion to Dismiss the FAC which is scheduled for hearing on October 1, 2007 before Judge King.

Exh. B
Page 11

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL



| | | | |
|---|---|---|---|
| Case No. | CV 07-2521 GAF (FMOx) | Date | September 18, 2007 |
| Title | McKinniss v. General Mills, Inc. | | |

complaint as true; it then construes those facts, and draws all reasonable inferences therefrom, "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). "However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion." Williams v. Gerber Prods. Co., 439 F. Supp. 2d 1112, 1115 (S.D. Cal. 2006) (citation omitted). While a complaint need not provide detailed factual allegations, it must allege facts sufficient to raise a right to relief that rises above the level of mere speculation. Twombly, 127 S. Ct. at 1969.

When determining whether to dismiss pursuant to Rule 12(b)(6), the court is generally limited to construing the four corners of the complaint. See, e.g., AlliedSignal, Inc. v. City of Phoenix, 182 F.3d 692, 695 (9th Cir. 1999). However, a court may consider material which is properly submitted as part of the complaint, and may take judicial notice of matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (citations omitted).

### B. ANALYSIS

Defendant contends that the FAC should be dismissed on two grounds. First, Defendant asserts that all six state tort-based causes of action must fail because they are preempted by the food labeling system set forth in the federal Food, Drug, and Cosmetic Act ("FDCA"). (Mot. at 10-11.)[3]  The Court

---

[3] Defendant argues that courts have held that implied conflict preemption (via the FDCA) bars all of Plaintiffs' state tort-based claims. Defendant relies primarily on two cases, Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341 (2001), and Fraker v. KFC Corp., CV 06-01284 JM (WMC) 2007 WL 1296571 (Apr. 30, 2007). However, Buckman and Fraker do not appear to support Defendant's contentions. In Buckman, plaintiffs brought state tort claims against defendant consulting firm for spine injuries plaintiffs allegedly suffered after using orthopedic bone screws for which defendant had helped secure FDA approval. Defendant allegedly applied to the FDA to market the screws for use in arms and legs, but not in spines. Plaintiffs claimed the FDA would not have approved the screws had defendant not made fraudulent representations regarding the intended use of the product. Rejecting that argument, the Supreme Court held that plaintiffs' state tort claims conflicted with, and were therefore impliedly preempted by, the FDCA as amended by its "Medical Device Amendments" ("MDA"). The Court based its conclusion primarily on: (1) amendments made to the FDCA by the MDA, and (2) the Court's concern that state tort liability could deter medical manufacturers from creating innovative devices for patients. See Buckman, 531 U.S. at 350-51. Neither of these issues are implicated here.

While Fraker's factual scenario is more similar to the instant action, it too, is inapposite. There, plaintiff brought a putative class action against defendant fast food chain KFC alleging defendant's advertising was misleading because its food was high in trans-fat content. The court granted defendant's motion to dismiss on the ground that plaintiff, as a private litigant, lacked standing to bring claims under the FDCA. While Fraker arguably expanded the scope of Buckman preemption to the realm of food labeling, Fraker is distinguishable from the instant matter because Fraker *directly brought* FDCA claims against the defendant, which is expressly prohibited under the statute. See 21 U.S.C § 337(a). In contrast, the McKinniss Plaintiffs *are not alleging any FDCA violations* relating to the "branding or mislabeling of food products." (Cf. Fraker 2007 WL 1296571 at *10 ) Indeed, by their own account, Plaintiffs acknowledge that Defendant truthfully disclosed the ingredients

Exh. B
Page 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No.: | CV 07-2521 GAF (FMOx) | Date | September 18, 2007 |
|---|---|---|---|
| Title | McKinniss v. General Mills, Inc. | | |

need not address the merits of this argument, however, because Defendant correctly asserts that FDCA preemption aside, Plaintiffs' six causes of action all fail because none raise an actionable claim. The Court agrees as discussed below.

### 1. UCL, FAL, and CLRA Claims (First, Second, and Fifth Causes of Action)

Plaintiffs contend Defendant is subject to UCL, FAL, and CLRA liability because it made false, misleading and deceptive statements in advertising and packaging its products, thereby misleading consumers into believing they were purchasing products with real fruit or fruit juice. (See, e.g., FAC ¶¶ 24, 33, 56.) Under the UCL, "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice. . . ." Cal. Bus. & Prof. Code § 17200. California's FAL [Cal. Bus. & Prof. Code § 17500] prohibits public use of untrue or misleading statements. The CLRA [Cal. Civ. Code § 1750, et seq.] provides protection for consumers against unfair and deceptive business practices. See Bescos v. Bank of Am., 105 Cal. App. 4th 378, 387 (Ct. App. 2003).

As a threshold matter, to state a claim under the UCL or CLRA, a plaintiff must allege that the alleged false and misleading statements were *"likely to deceive a reasonable consumer."* Williams v. Gerber Prods. Co., 439 F. Supp. 2d 1112, 1115 (S.D. Cal. 2006) (citing Consumer Advocates v. Echostar Satellite Corp., 113 Cal. App. 4th 1351, 1360 (Ct. App. 2003); Freeman v. Time, Inc., 68 F.3d 285, 289 (9th Cir. 1995)) (emphasis added); see also McKinniss v. Sunny Delight Beverages Co., CV 07-02034 RGK (JCx).[4] "The term 'likely' means probable, not just possible." Williams, 439 F. Supp. 2d at 1115 (citing Freeman, 68 F.3d at 289).[5] *"If the alleged misrepresentation would not mislead a reasonable consumer, then the allegation may be dismissed on a motion to dismiss."* Id. (citing Haskell v. Time, Inc., 857 F. Supp. 1392, 1399 (E.D. Cal. 1994)) (emphasis added). Further, when determining whether a statement is misleading under the FAL, the primary evidence to consider is the advertising itself. See id.

---

found in its products. (See FAC ¶ 7.) Instead, the McKinniss Plaintiffs allege that the product *packaging* and *advertising* are misleading and create confusion as to the product's contents notwithstanding the product's truthful labeling.

[4] Defendant has requested leave to submit supplemental authority in support of its motion. The Court grants Defendant's request and takes judicial notice of Judge Klausner's September 4, 2007 Order in the Sunny Delight action.

[5] No case has expressly addressed the question of whether this test must be satisfied to state a claim under the FAL. However, similar labeling cases have applied the "reasonable consumer" standard to all three statutory claims. See Williams, 439 F. Supp. 2d, at 1115-17. Judge Klausner took the same approach in his Sunny Delight order. Given the similarity of the statutes and their apparent purposes, this approach seems reasonable

Exh. B
Page 13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2521 GAF (FMOx) | Date | September 18, 2007 |
|---|---|---|---|
| Title | McKinniss v. General Mills, Inc. | | |

The Court takes judicial notice of the actual packaging filed by Defendant on July 26, 2007 which portrays the images and words on Defendant's packaging better than the color copy printouts attached to the FAC. See Lee, 250 F.3d at 688-89; see also Williams, 349 F. Supp. 2d at 1116 n.1. Based on these exhibits, the Court first notes that Plaintiffs have not and cannot establish that any statement on any of the packaging was literally false. The packaging does not state that the product contains actual fruit or fruit juice. Accordingly, the Court must consider whether the packaging contained misleading statements or images that were "likely to deceive a reasonable consumer." Williams, 349 F. Supp. 2d at 1115; Freeman, 68 F.3d at 289; Consumer Advocates, 113 Cal. App. 4th at 1360. As set forth below, the Court concludes that none of the five products at issue were packaged in a way that would mislead a reasonable consumer.

### a. Berry Berry Kix

First, Plaintiffs allege that for the Berry Berry Kix cereal product, Defendant uses "an image of a cluster of several types of fruit above the letter 'i' in Kix, the words 'Natural Fruit Flavors,' and a photo of a large spoonful of the cereal which includes clusters that appear to be raspberries and blackberries." (FAC ¶ 7.) Plaintiffs also acknowledge that "[t]he list of ingredients . . . reveals that there are no fruit ingredients." (Id.)

Accepting Plaintiffs' allegations as true, these allegations fail to state any cognizable UCL, FAL, or CLRA claim. First, the depiction of fruit on a product label is not an affirmation that the product contains a particular amount of fruit or any fruit whatsoever. The FDA permits illustrations of fruit on product labels to indicate the product's "characterizing flavor," even if the product contains no ingredients derived from the depicted fruit. See 21 C.F.R. § 101.22(i). Similarly, the words "Natural Fruit Flavors" indicate the product's "characterizing flavor," not the presence of actual fruit. See id. Thus, if it tastes like blueberries, the packaging may contain a depiction of a blueberry. Moreover, a reasonable consumer would be expected to note, upon pouring the contents of the packaging into a cereal bowl, that the product contained no actual fruit. A reasonable consumer would then be expected to peruse the product's contents simply by reading the side of the box containing the ingredient list. See Freeman, 68 F.3d at 289 (affirming dismissal of plaintiff's UCL, FAL, and CLRA claims and rejecting plaintiff's argument that a reasonable consumer was likely to be deceived by sweepstakes mailer containing small-print qualifying language because any reasonable consumer would be put on notice of the sweepstakes requirements by doing "sufficient reading" of the mailer). All of these actions, which a reasonable consumer would be expected to take, would insure that the consumer was not deceived. The FAC, which acknowledges that Defendant truthfully disclosed the ingredients for its product and that Plaintiffs did not inspect these specific ingredients, thus demonstrates that Plaintiffs have not and cannot state a claim under the UCL, FAL, or the CLRA. (See FAC ¶¶ 7-8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **Case No.** CV 07-2521 GAF (FMOx) | **Date** September 18, 2007 |
| **Title** McKinniss v. General Mills, Inc. | |



### b. Trix

Second, the FAC does not appear to make any specific allegations with respect to the Trix packaging. Instead, Plaintiffs allege generally that Defendant "represents that the product contains real fruit or real fruit juice, and images of fruit" when in fact the product contains no fruit whatsoever. (Id. ¶ 7.) Upon reviewing the Trix packaging, the Court finds only one reference to fruit – the words "Fruity Sweetened *Corn Puffs*." As noted above, this reference is permissible to denote a product's "characterizing flavor," see 21 C.F.R. § 101.22(i), and a reasonable consumer would be put on notice of the product's contents simply by sufficiently reading the packaging. See Freeman, 68 F.3d at 289.[6]

### c. Fruity Cheerios

Third, the FAC does not appear to make any specific allegations with respect to the packaging of Fruity Cheerios but instead makes the same general allegations noted above. (See FAC ¶ 7.) The Fruity Cheerios packaging contains the following references to fruits and/or fruit juices: (1) the words "Fruity Cheerios" themselves, (2) "natural fruit flavors" written at the bottom of the main display, (3) the words "Flavored with Real Fruit Juice" in a green circle on the left of the main display (the same words appear again at the bottom of the main display), and (4) the "i" in "Cheerios," containing an image of a purple Cheerio with a leaf, which could be construed as a purple fruit. These references do not support a UCL, FAL, or CLRA claim. As referenced above, an image of a fruit (the purple Cheerio "fruit") is permitted to indicate that product's "characterizing flavor" and is not an affirmation that the product contains any fruit at all. See 21 C.F.R. § 101.22(i). The words "Natural Fruit Flavors," "Flavored with Real Fruit Juice" and "Fruity [in Fruity Cheerios]" are all truthful disclosures that Fruity Cheerios is flavored with orange juice concentrate, the product's sixth listed ingredient.

### d. The Trix Yogurt and the Yoplait Go-Gurt Products

Finally, Plaintiffs allege the Trix Yogurt and the Yoplait Go-Gurt products "are marketed as containing real fruit or fruit juice, but there are no fruit ingredients in these products." (FAC ¶ 7.) The packaging for the Trix Yogurt contains two fruit references: (1) "2 Fruity Colors in every cup!"; and (2) "Strawberry Kiwi," the name of the yogurt itself. These two references are permissible to demonstrate the "characterizing flavor" of the product. See 21 C.F.R. § 101.22(i). It is also worth noting that directly below the words "Strawberry Kiwi" are the words "Naturally *and Artificially Flavored*" (emphasis added). Accordingly, any reasonable consumer would be put on notice of the product's contents simply by doing sufficient reading of the ingredient list. See Freeman, 68 F.3d at 289.

---

[6] While Plaintiffs do not dispute the accuracy of other exhibits submitted in Defendant's Notice of Lodging [filed 7/26/07] ("Defendant's Notice"), Plaintiffs contend that the Trix packaging submitted by Defendant (Ex. 2 to Notice) does not contain the same image as the color photocopy attached to the FAC. (Opp at 15 n. 6.) Plaintiffs are mistaken. Exhibit 2 portrays the same image as Exhibit B-24 to the FAC.

Exh. B
Page 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**



| | | |
|---|---|---|
| **Case No.** | CV 07-2521 GAF (FMOx) | **Date:** September 18, 2007 |
| **Title** | McKinniss v. General Mills, Inc. | |

As to the Yoplait Go-Gurt product, there is only one reference to fruit – the name of the yogurt, "Strawberry Splash." As noted numerous times above, this is a permissible reference to the "characterizing flavor" of the product. See 21 C.F.R. § 101.22(i). Again, the words "Naturally *and Artificially Flavored*" appear directly below the yogurt name.

In sum, Plaintiffs cannot allege Defendant made any representations regarding the presence of fruit in the five above-named products that were likely to deceive a reasonable consumer, which is a threshold requirement for claiming liability under the UCL, FAL, or CLRA. See Williams, 349 F. Supp. 2d at 1115; Freeman, 68 F.3d at 289; Consumer Advocates, 113 Cal. App. 4th at 1360. Because the alleged misrepresentations could not mislead a reasonable consumer, Plaintiffs' UCL, FAL, and CLRA claims are dismissed with prejudice. Further, because Plaintiffs can prove no set of facts that would constitute a valid claim, the Court dismisses these claims without leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962).

### 2. Negligent Misrepresentation (Third Cause of Action)

Negligent misrepresentation is a species of fraud or deceit specifically requiring a positive assertion or assertion of fact by the offending party. An implied assertion or representation is not enough. Wilson v. Century 21 Great Western Realty, 15 Cal. App. 4th 298, 306 (Ct. App. 1993) (citations omitted). "To establish a negligent misrepresentation claim, a plaintiff must prove: 1) that defendant had a duty to exercise reasonable care in giving information, 2) that defendant negligently provided false information, 3) that plaintiff reasonably relied on the false information, and 4) that plaintiff was injured as a result." Maneely v. General Motors Corp., 108 F.3d 1176, 1181 (9th Cir. 1997).

This claim necessarily fails because Plaintiffs cannot allege Defendant negligently provided false information. See id. By Plaintiffs' own account, Defendant truthfully disclosed the ingredients for each of the products at issue (see FAC ¶ 7), but Plaintiffs failed to inspect these ingredients (id. ¶ 8). Accordingly, a reasonable consumer would be put on notice, simply by doing sufficient reading, of the product's contents. See Freeman, 68 F.3d at 289. Because Plaintiffs cannot allege Defendant negligently provided false information (and certainly cannot plead this allegation with the particularity required under Rule 9(b)), Plaintiffs' negligent misrepresentation claim is dismissed with prejudice and without leave to amend.

### 3. Breach of Express Warranty (Fourth Cause of Action)

In order to establish an express warranty, a plaintiff must demonstrate that defendant's statements of fact or opinion were the basis of the agreement between the parties. Maneely, 108 F.3d at 1181;

LINKS: 13, 14

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-2521 GAF (FMOx) | Date | September 18, 2007 |
|---|---|---|---|
| Title | McKinniss v. General Mills, Inc. | | |



_Pisano v. American Leasing_, 146 Cal. App. 3d 194, 198 (Ct. App. 1983). "In the absence of affirmations of fact or promises" made by a defendant to a plaintiff, the plaintiff cannot recover damages under a theory of breach of express warranty. _Pisano_, 146 Cal. App. 3d at 197-98; Cal. Com. Code § 2313(1).

Again, Plaintiffs' breach of express warranty claim must fail. Plaintiffs has not, and cannot, allege that Defendant made any "affirmations of fact or promises" that its products contained real fruit or fruit juice. _See_ Cal. Com. Code § 2313(1). As Plaintiffs expressly acknowledge, Defendant truthfully disclosed the ingredients in each of these five products (_see_ FAC ¶ 7) but Plaintiffs chose not to read them (_see id._ ¶ 8). Plaintiffs' selective reading or alleged misunderstanding cannot give rise to an express warranty claim. _See_ _Freeman_, 68 F.3d at 289. Accordingly, Plaintiffs' breach of express warranty claim is also dismissed with prejudice and without leave to amend.

### 4. Unjust Enrichment (Sixth Cause of Action)

Under California law, unjust enrichment "is not a cause of action . . . . or even a remedy, but rather a general principle, underlying various legal doctrines and remedies." _McBride v. Boughton_, 123 Cal. App. 4th 379, 387 (Ct. App. 2004) (citations omitted). "[U]njust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust." _McKell v. Wash. Mut. Inc._, 142 Cal. App. 4th 1457, 1490 (Ct. App. 2006).

While Plaintiffs assert they are entitled to restitution under a quasi-contract theory (_see_ FAC ¶ 64), for the reasons discussed above, Plaintiffs cannot allege facts sufficient to support any claims based on Defendant's alleged misrepresentation of the content of the five above-named products. Because Plaintiffs cannot allege unjust enrichment, this cause of action is dismissed with prejudice and without leave to amend.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** without leave to amend Defendant's motion to dismiss the FAC with prejudice. Defendant's motion to strike is **DENIED** as moot.

IT IS SO ORDERED.

# EXHIBIT C

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2611 ABC (RCx) | Date | September 19, 2007 |
|---|---|---|---|
| Title | Mark R. McKinnis, et al. v. Kellogg USA | | |

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).    PRIORITY SEND

Present: The Honorable  Audrey B. Collins

| Daphne Alex | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (In Chambers)

Pending before the Court is Defendant Kellogg USA's ("Defendant's") Motion to Dismiss Plaintiffs Mark R. McKinnis and Darleen McKinnis's ("Plaintiffs'") First Amended Complaint, filed on July 12, 2007. Plaintiffs originally opposed on August 14, 2007, but withdrew that opposition because of an erroneous assumption on the hearing date. They filed a replacement opposition on August 27, 2007. Defendant replied on September 10, 2007. The hearing in this matter is currently set for September 24, 2007, but the Court finds this matter appropriate for resolution without oral argument and VACATES the September 24, 2007 hearing date. Fed. R. Civ. Proc. 78; Local Rule 7-15. After consideration of the materials submitted by the parties and the case file, the Court GRANTS Defendant's motion to dismiss. Because the Court has previously allowed Plaintiffs to amend their Complaint after granting Defendant's first motion to dismiss, the Court hereby DISMISSES Plaintiffs' First Amended Complaint ("FAC") with prejudice.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their original complaint on April 19, 2007, and Defendant filed a motion to dismiss on June 5, 2007. Plaintiffs failed to oppose that motion and the Court granted it on June 21, 2007 and dismissed Plaintiffs' complaint. The Court granted Plaintiffs leave to file an amended complaint and Plaintiffs did so on June 27, 2007.

Defendant manufactures a cereal called "Froot Loops," which Plaintiffs purchased from time to time over the past four years. Plaintiffs allege that three aspects of the front panel of the box for this cereal misleadingly suggest that the cereal contains actual fruit: (1) the use of the word "Froot" in the name; (2) the depiction of brightly colored rings of cereal that Plaintiffs claim resemble fruit; and (3) the depiction of illustrate fruit around a banner stating "NATURAL FRUIT FLAVORS," which they claim is in "disproportionately small type." The ingredients listed on the side panel of the box make clear that the cereal contains no actual fruit.

Plaintiffs, a married couple, allege that they wanted to purchase healthy cereal for their children, so they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

 Case No.: CV 07-2611 ABC (RCx)           Date: September 19, 2007

Title: Mark R. McKinnis, et al. v. Kellogg USA

purchased this product because they believed that, based on front panel of the cereal box, that the cereal contained actual fruit.[1]  They did not read the side panel of the Froot Loops box, which displays the ingredients. Rather, Plaintiffs learned of the absence of fruit in an article in the Los Angeles Times published on January 26, 2007, which discussed a study by the Strategic Alliance for Healthy Food and Activity Environments.  This study examined the real fruit content of children's food and drink products and concluded that many products contained little, if any, real fruit despite packaging that suggested the presence of fruit.

In the FAC, Plaintiffs allege violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq., and the California Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750, et seq., as well as claims for negligent misrepresentation, breach of express warranty, and unjust enrichment.

## II.    LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint.  See Fed. R. Civ. Pro. 12(b)(6).  In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them.  See Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to plaintiff.  See id.  However, the Court need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations.  See, e.g., Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  In short, a complaint need not contain detailed factual allegations, but it must allege facts sufficient to raise a right to relief that rises above the level of mere speculation and is plausible on its face.  See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1969 (2007) (clarifying that the rule announced in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) – that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief" – "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.").

Moreover, in ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the complaint (e.g., those facts presented in briefs, affidavits, or discovery materials).  See Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  A court may, however, consider exhibits submitted with the complaint.  See id. at 453-54.  Also, a court may consider documents which are not physically attached to the complaint but "whose contents are alleged in [the] complaint and whose authenticity no party questions."  Id. at 454.  Further, it is proper for the court to consider matters subject to judicial notice pursuant to Federal Rule of Evidence 201.  See Mir, M.D. v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988).

---

[1] Although Plaintiffs also allege they were misled by Defendant's advertising, they point to no advertising to support this claim.  Plaintiffs' complaint is silent on any allegation other than the depictions on the front panel of the cereal box, and the Court limits their claims to those specific representations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2611 ABC (RCx) | Date | September 19, 2007 |
|---|---|---|---|
| Title | Mark R. McKinnis, et al. v. Kellogg USA | | |

## II.    REQUEST FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are either "(1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendant has attached four color reproductions of the panels of four boxes of Froot Loops that were sold within the four years that encompass Plaintiffs' claims. Plaintiffs do not dispute the accuracy of these boxes and, in fact, base their claims on them. The Court may properly notice these boxes for the purposes of this motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

## III.    ANALYSIS

Defendant advances four arguments to undermine the merits of Plaintiffs' claims in the FAC. First, Defendant argues that the reasonable consumer would not be misled by the front panel of the Froot Loops box into believing that the cereal contains actual fruit, which is fatal to Plaintiffs' UCL, FAL, and CLRA claims. Second, Defendant argues that Plaintiffs' negligent misrepresentation claim fails because they have not sufficiently alleged a misrepresentation on which they justifiably relied. Third, Defendant argues that Plaintiffs' breach of express warranty claim fails because the front panel of the Froot Loops box does not make any "affirmation of fact or promise" that the product fails to fulfill. Finally, Defendants claim that unjust enrichment not a cause of action in California, so this claim must also fail.

Defendant also argues that Plaintiffs' claims are pre-empted by the federal Food, Drug, and Cosmetic Act. The Court notes that a similar issue is currently pending before the California Supreme Court. See In re Farm Raised Salmon Cases, 142 Cal. App. 4th 805 (2006), rev. granted, 149 P.2d 473 (Cal. Dec. 13, 2006). Because the California Supreme Court will address this question and the Court agrees with Defendant on its arguments as to the merits of Plaintiffs' FAC, the Court need not decide the question of pre-emption.

### A.    Plaintiffs' Claims under the UCL, FAL, and CLRA

In order to state a claim under the UCL, FAL, or CLRA, Plaintiffs must allege that statements or other representations appearing on Defendant's product labels are likely to deceive a reasonable consumer. See Freeman v. Time, Inc., 68 F.3d 285, 289 (9th Cir. 1995); Williams v. Gerber Prods. Co., 439 F. Supp. 2d 1112, 1115 (S.D. Cal. 2006); Consumer Advocates v. Echostar Satellite Corp., 113 Cal. App. 4th 1351, 1360 (2003). If an alleged misrepresentation would not deceive a reasonable consumer or amounts to mere puffery, then any cause of action having deception as an element may be addressed, as a matter of law, on a motion to dismiss. See Haskell v. Time, Inc., 857 F. Supp. 1392, 1399 (E.D. Cal. 1994). The term "likely" indicates that deception must be probable, not just possible. See Freeman, 68 F.3d at 289. The primary evidence in a matter alleging a misleading statement on product packaging is the packaging itself. See Brockey v. Moore, 107 Cal. App. 4th 86, 100 (2003).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-2611 ABC (RCx) | Date | September 19, 2007 |
| Title | Mark R. McKinnis, et al. v. Kellogg USA | | |

California courts have defined the "reasonable consumer" as an ordinary member of the consuming public who acts reasonably under all of the circumstances. See Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 510, 512 (2003). While a reasonable consumer may be unwary or trusting, unless a challenged statement deliberately targets a particular disadvantaged or vulnerable group, it is still judged by the effect it would have on a reasonable consumer. See id. at 506; Haskell, 857 F. Supp. at 1399.

Plaintiffs allege that three characteristics of the front panel of the Froot Loops box have misled them into believing that the cereal contains actual fruit: (1) Defendant's use of the word "Froot" in the name of the cereal; (2) depiction of brightly colored ring-shaped cereal resembling fruit; and (3) illustrations of fruit surrounding the banner stating "NATURAL FRUIT FLAVORS." These characteristics, Plaintiffs allege, "have a capacity, tendency, or likelihood to deceive or confuse members of the general public regarding the contents and nutritional value of the Product and the true ingredients and nutritional value thereof," (Compl. ¶ 24), specifically that that Defendant's cereal contains actual fruit.

According to Defendant, the visual depiction of the Froot Loops cereal at issue here was substantially similar for all Froot Loops cereal boxes over the last four years. On these boxes on the front panel, the words "FROOT LOOPS" are prominently displayed in large capital letters, with the o's depicted as pieces of the brightly colored ringed cereal. In much smaller type next to the name are the words "SWEETENED MULTI-GRAIN CEREAL". A small banner is printed on the front panel of the boxes that reads "NATURAL FRUIT FLAVORS," which is surrounded by small illustrations of a lime, an orange slice, a lemon, cherries, a raspberry, and a blueberry. A bowl of the ringed-shaped colored cereal with milk is also displayed on each box. Nowhere on the box does the word fruit appear, other than in the banner "NATURAL FRUIT FLAVORS," and no photographs of fruit or other graphical representations of fruit are located on the box, other than next to the "NATURAL FRUIT FLAVORS" banner. The ingredients for Froot Loops are printed on the side panel of the box, and fruit is not listed among them.[2]

Even taking Plaintiffs' allegations as true, as the Court is required to do, Plaintiffs have failed to state any claim. First, the product's name is spelled F-R-O-O-T, and while this might be a fanciful take on the word F-R-U-I-T, it appears in the trademarked name of the cereal, not on its own or as a description of the actual ingredients of the cereal itself. No reasonable consumer would view the trademark "FROOT LOOPS" name as describing the ingredients of the cereal. Second, Plaintiffs' allegation that the cereal pieces themselves resemble fruit is not rational, let alone reasonable. The cereal pieces are brightly colored rings, which in no way

---

[2]Those ingredients are: sugar; corn flour; wheat flour; oat flour; partially hydrogenated vegetable oil (one or more of: coconut, cottonseed, and soybean); salt; sodium ascorbate and ascorbic acid (vitamin C); niacinamide; reduced iron; natural orange, lemon, cherry, raspberry, blueberry, lime and other natural flavors; red #40; blue #2; zinc oxide; yellow #6; turmeric color; pyridoxine hydrochloride (vitamin B6); blue #1; riboflavin (vitamin B2); thiamin hydrochloride (vitamin B1); annatto color; vitamin A palmitate; BHT (preservative); folic acid; vitamin B12; vitamin D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**



| Case No. | CV 07-2611 ABC (RCx) | Date | September 19, 2007 |
|---|---|---|---|
| Title | Mark R. McKinnis, et al. v. Kellogg USA | | |

resemble any currently known fruit. As a matter of law, no reasonable consumer would view them as depicting any fruit. Third, the small "vignettes" of fruit surrounding the "NATURAL FRUIT FLAVORS" banner could not mislead the reasonable consumer. For one, the depiction of fruit on a product label is not a specific affirmation that a products contains any fruit at all. FDA regulations permit illustrations of fruit on product label to indicate that product's "characterizing flavor," even where the product contains no ingredients derived from the depicted fruit. See 21 C.F.R. § 101.22(i)(i-iii). Froot Loops contains the "NATURAL FRUIT FLAVORS" of lime, orange, lemon, cherry, raspberry, and blueberry, as disclosed in the ingredients panel, rendering any depiction of fruit "vignettes" on the box entirely accurate and permissible under FDA regulations.

The front panel of the box clearly and accurately describes the product as a "SWEETENED MULTI-GRAIN CEREAL," not any sort of fruit-based cereal, and the side panel lists all of the ingredients, which do not include fruit. Plaintiffs cannot claim surprise over these labels, which have long been required on food products and are familiar to a reasonable consumer. See 21 C.F.R. § 101.9 (providing, with few exceptions, that "nutrition information relating to food shall be provided for all products intended for human consumption and offered for sale"). A reasonable consumer, even on the most cursory review of the Froot Loops box, could not, as a matter of law, be misled into believing that the cereal contains actual fruit. "Where a consumer can readily and accurately determine the nutritional value and ingredients of a product, and the product packaging does not affirmatively mislead the consumer by means of specific representations, no reasonable consumer would be . . . deceived by depictions of fruit and fruit-like substances on the primary packaging label." Williams, 439 F. Supp. 2d at 1116.

Thus, the Court finds the characteristics of the Froot Loops box challenged by Plaintiffs are not deceptive as a matter of law. As a result, Plaintiffs' First, Second, and Sixth Causes of Action are dismissed.

**B.     Plaintiffs' Claims for Negligent Misrepresentation**

Negligent misrepresentation is the assertion of a false statement, honestly made in the belief it is true, but without reasonable ground for such belief. Cal. Civ. Code, §§ 1572, 1710; Bily v. Arthur Young & Co., 3 Cal. 4th 370, 407-08 (1992). In order to make out a claim for negligent misrepresentation, a plaintiff must allege, inter alia, that the defendant negligently provided false information and that the plaintiff reasonably relied on that false information to his detriment. See Maneely v. Gen. Motors Corp., 108 F.3d 1176, 1181 (9th Cir. 1997); see also Garcia v. Super. Ct., 50 Cal. 3d 728, 734-35 (1990).

As noted earlier, a manufacturer may place pictures of fruit on its product labels even when those products contain no actual fruit. The depiction of fruit on a label is not indicative of the presence of fruit or the particular percentage of fruit content in a product. See 21 C.F.R. § 101.22(i)(1)(i-iii). Where a product is merely fruit-flavored, a manufacturer may depict fruit on a product label to indicate this, especially as Defendant did, surrounding the prominent banner "NATURAL FRUIT FLAVORS". Moreover, Defendant's product labels indicate that fruit flavors are used as ingredients, which correspond precisely with the fruit depicted on the



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2611 ABC (RCx) | Date | September 19, 2007 |
|---|---|---|---|
| Title | Mark R. McKinnis, et al. v. Kellogg USA | | |

front panel of the box. As a result, there is no false information on which to base a claim of negligent misrepresentation. Even assuming, arguendo, that the characteristics of the Froot Loops box constitute misrepresentations, Plaintiffs cannot establish justifiable reliance because, again, Plaintiffs cannot establish that the reasonable consumer would rely on these representations in assuming that Froot Loops contains actual fruit. Plaintiffs' claim is further undermined by a quick glance at the side panel of the Froot Loops box, which reveals the precise ingredients in Froot Loops. Thus, Plaintiffs have failed to allege facts sufficient to support a negligent misrepresentation claim, and their Third Cause of Action is therefore dismissed.

**C.      Plaintiffs' Claims for Breach of Express Warranty**

To state a claim under a theory of breach of an express warranty, Plaintiffs must allege facts sufficient to show that Defendant made affirmations of fact or promises that became part of the basis of the bargain between the parties. See Cal. Com. Code § 2313(1); Pisano v. American Leasing, 146 Cal. App. 3d 194, 197-98 (1983). A description of the goods can create an express warranty as long as that description became part of the basis of the bargain between the parties. See Cal. Com. Code § 2313(1)(b). Plaintiffs allege that the characteristics of the Froot Loops box constituted a representation of fact and a promise by Defendant that Froot Loops "was a substantially fruit-based product represented by the characterizing flavor." (Compl. ¶ 50.) As discussed above, the Froot Loops box contains no misrepresentations that the cereal contains fruit; at most, Defendant represented that the cereal contains "NATURAL FRUIT FLAVORS" of lime orange, lemon, cherry, blueberry, and raspberry, which, upon a cursory glance at the nutrition information printed on the box, is an entirely accurate statement. Absent a representation that Froot Loops contains actual fruit, Plaintiffs have failed to allege sufficient facts to make out a claim for breach of an express warranty, and their Fourth Cause of Action is therefore dismissed.

**D.      Plaintiffs' Claim for Unjust Enrichment**

There is no cause of action for unjust enrichment in California; rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust. See McKell v. Washington Mut., Inc., 142 Cal. App. 4th 1457, 1490 (2006). Quasi-contract can serve as the basis for the equitable remedy of restitution where one party obtains a benefit which he may not justly retain. See McBride v. Boughton, 123 Cal. App. 4th 379, 388 n.6 (2004). In essence, quasi-contract is an obligation created by law, without regard to the parties' intentions, which is designed to restore the aggrieved party to his former position. Id. Defendant has not been unjustly enriched, and Plaintiffs are not entitled to a constructive trust, because, as discussed in detail above, Plaintiffs have failed to state any substantive claim against Defendant. In the absence of an underlying substantive claim, Plaintiffs' "claim" for unjust enrichment fails and their Fifth Cause of Action dismissed.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-2611 ABC (RCx) | Date | September 19, 2007 |
|---|---|---|---|
| Title | Mark R. McKinnis, et al. v. Kellogg USA | | |

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiffs have already had the opportunity to file the FAC following the Court's dismissal of their original complaint and, based upon the Court's discussion above, any further amendment would be futile as a matter of law. See Mir v. Fosburg, 646 F2d 342, 347 (9th Cir. 1980) ("[A] district court has broad discretion to grant or deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint[.]"); Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient."). The Court DISMISSES all claims in the FAC with prejudice.

**IT IS SO ORDERED.**

Initials of Preparer ___da___