# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE SMITH, as an individual and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>KRAFT FOODS, INC., a Virginia corporation,<br><br>          Defendant. | **CASE NO. 07cv2192-BEN (WMC)**<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO DISMISS; AND**<br><br>**(2) INSTRUCTING THE PARTIES TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**[Doc. No. 10]** |

## I. INTRODUCTION

On November 16, 2007, Plaintiff Adrienne Smith ("Smith" or "Plaintiff") filed this putative class action against Defendant Kraft Foods Global, Inc. ("Kraft" or "Defendant") based on Kraft's policies and practices in marketing certain products. She amended her Complaint on April 7, 2008. *See* Doc. No. 6. In her First Amended Complaint ("FAC"), Smith asserts seven claims against Kraft, all based on violations of California law. *Id.* at 9-17.

Specifically, the FAC alleges that Kraft manufactures and markets Jell-O instant and cook-and-serve pudding pie fillings. *Id.* at 2. Smith, who seeks to maintain this cause of action on behalf of a class of similarly situated individuals, is a mother of two small children. *Id.* at 6. She notes that she strives to provide her children with healthy and nutritious products, and, being "fully

aware of the importance of calcium in their development," she prefers buying products with calcium in them. *Id.*

For the past four years, Smith allegedly purchased Kraft Foods' Jell-O pudding for her family. *Id.* She allegedly purchased Defendant's pudding rather than competing products because she relied on the advertisement and marketing of Jell-O pudding as a "good source of calcium." *Id.* According to the FAC, Defendant misleadingly marketed its product as a nutritional source of calcium in four ways: (1) the words "CALCI-YUM" were prominently displayed in bold print of the face label; (2) the phrase "A Good Source of Calcium as Prepared" also appeared on the face label; however, the words "as Prepared" appear in a much smaller print that the words "A Good Source of Calcium" and, therefore, are not readily visible without closer inspection; (3) a representation on Kraft's website that "'Jell-O Instant Pudding (½ cup)' provides 150 milligrams of calcium per serving"; and (4) Kraft's marketing of its "refrigerated" pudding (which does not require an addition of milk) as "A Good Source of Calcium" misled the consumers who associated this phrase with calcium content. *Id.* at 4-5.

Upon closer inspection of Kraft's Jell-O pudding, Smith discovered that it contains no calcium, and that the only source of calcium related to the Jell-O pudding is calcium in milk, which the customers must buy separately and then add to the pudding. *Id.* at 6. Prior to this discovery, Smith "did not realize that she was buying the calcium (milk) separately and adding it to the [p]roduct herself." *Id.* at 6. Smith alleges that she was mislead into purchasing a product, which was falsely marketed as containing calcium; that she had to pay "a hidden price" for having to purchase milk "in order to get the nutritional benefit she sought"; and that she would not have purchased Jell-O pudding, had she known it contained no calcium.

Defendant filed a Motion to Dismiss under the Federal Rules of Civil Procedure Rule 12(b)(6), arguing that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted. *See* Doc. No. 10. For the reasons that follow, the Court denies Defendant's Motion to Dismiss as premature and orders the parties to submit additional briefing discussing whether this Court has subject matter jurisdiction over the instant case.

## II. DISCUSSION

The FAC asserts that jurisdiction in this Court is proper based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(d). *See* Doc. No. 6, at 3. Plaintiff claims that this action falls under the Class Action Fairness Act of 2005 ("CAFA") because "the total claims of individual class members in this action are well in excess of $5,000,000" and because the minimal diversity jurisdiction requirements are met. *See id.* Upon thorough review of the FAC, the Court is unable to ascertain whether this statement is correct. Because the Court is not satisfied that this matter is properly before it, the parties are ordered to file supplemental briefing in order to avoid dismissal of this case for lack of subject matter jurisdiction.

**A. The Court's Continuing Obligation to Inquire as to Its Jurisdiction**

Federal courts have limited jurisdictional power and have a continuing duty to confirm their subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Furthermore, the district court has "an independent obligation to determine that subject matter jurisdiction exists . . . even where the parties do not raise the issue." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

In certain cases, the "plaintiff and defendant [may] collude[] to confer jurisdiction by the method of the one claiming a fictitious amount and the other failing to deny the veracity of the averment of amount in controversy." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). In such instances, the federal court is obligated to dismiss the case for lack of subject matter jurisdiction. *Id.* In the present case, the Court cannot ascertain from the face of the pleadings whether federal subject matter jurisdiction exists. Notably, Defendant failed to raise the subject-matter-jurisdiction issue in its Motion to Dismiss. *See Tyger Const. Co., Inc. v. United States*, 31 Fed. Cl. 177, 268 (Fed. Cl. 1994) (remarking that, "[a]lthough issues of subject matter jurisdiction cannot be waived, it is distressing that defendant did not [timely] alert the court to such an important issue").

**B. CAFA Requirements for Subject Matter Jurisdiction**

Plaintiff's claims do not involve a federal questions and are premised entirely on state law causes of action. *See* Doc. No. 6. Nor does Plaintiff allege diversity jurisdiction, which requires "at least one named plaintiff" who satisfies the $75,000 amount-in-controversy requirement. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549 (2005) (discussing this requirement). As such, this action is properly before this Court only if it satisfies the requirements of the Class Action Fairness Act.

CAFA generally grants the district courts original jurisdiction over any class action in which: (1) the aggregate amount in controversy exceeds $5,000,000; (2) any member of the class is a citizen of a state different from any defendant; (3) the primary defendants are not states, state officials, or government entities against whom the district court may be foreclosed from ordering relief; and (4) the number of members of the class is 100 or more. *See* 28 U.S.C. § 1332(d); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1063 (9th Cir. 2008) (citing 28 U.S.C. § 1332(d)) (CAFA confers "federal court jurisdiction over class actions when there is minimal diversity and the amount in controversy exceeds $5,000,000").

If "the complaint alleges damages in excess of the federal amount-in-controversy requirement, then the amount-in-controversy requirement is presumptively satisfied unless 'it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional minimum.'" *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) (citations omitted). Nonetheless, the Court must not blindly accept conclusory jurisdictional allegations.

The "*proponent* of the federal subject matter jurisdiction is held to a higher burden; that is, the proponent of jurisdiction must show, to a legal certainty, that the amount in controversy *exceeds* the statutory threshold." *Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007) (emphasis in original); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685-86 (9th Cir. 2006) (accord). Plaintiff's "good faith in choosing the federal forum is open to challenge not only by resort to the face of [the] complaint, but by the facts disclosed at trial, and if from *either* source it is clear that his claim never could have amounted to the sum necessary to give jurisdiction there is no injustice in dismissing the suit." *Red Cab Co.*, 303 U.S. at 290 (emphasis added).

1       In the instant case, the Court is not satisfied with the amount in controversy as pled. *See*
2 *Jepson v. Ticor Title Ins. Co.*, No. 06-1723, 2007 WL 3171442, at *1 (W.D. Wash. Oct. 26, 2007)
3 (dismissing the case for lack of subject matter jurisdiction upon concluding that the $5,000,000
4 amount-in-controversy "was not pled in good faith"; that the plaintiff had "failed to conduct an
5 investigation into the number of potential class members or the scope of the class members'
6 potential recovery before filing th[e] lawsuit"; and that "evasive pleadings," "vague
7 generalizations," and the plaintiff's failure to define the harm" indicated that the amount in
8 controversy could not be met).

9       The FAC relies on bare-bone, conclusory jurisdictional allegations that the amount in
10 controversy "in the aggregate" is "well in excess of $5,000,000." *See* Doc. No. 6, at 3, 9. It further
11 claims, without specifying what, if *any*, actual damages Smith incurred, that the sum of damages is
12 "certain and capable of calculation." *Id.* at 11. These allegations are insufficient to satisfy the
13 Court that it possesses jurisdiction under CAFA. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115,
14 1117 (9th Cir. 2004) (rejecting conclusory allegations of jurisdictional amount).

15       The Third Circuit Court of Appeals recently articulated a formula to assist the courts and
16 the litigants in determining whether CAFA requirements are met. *See Frederico v. Home Depot*,
17 507 F.3d 188, 199 (3d Cir. 2007). The Court's preliminary analysis of the damages in the instant
18 case pursuant to the formula employed in *Frederico* suggests that the amount in controversy
19 claimed by Plaintiff is not "made in good faith" and, as such, does not satisfy the Supreme Court's
20 jurisdictional pleading standards set forth in *Red Cab*. *See* 303 U.S. at 290.

21       If it were enough to conclusively assert that the amount in controversy is met, without
22 alleging any additional facts in support of actual damages, every purported class action would have
23 to remain on the federal docket indefinitely. Certainly, this is not the result envisioned by the
24 drafters of CAFA. *See Abrego Abrego*, 443 F.3d at 685-86 (analyzing the legislative history of
25 CAFA and concluding that the burden of establishing subject matter jurisdiction rests on the
26 proponent of the federal jurisdiction). Accordingly, the parties are ordered to file additional
27 briefing with this Court explaining why this case should not be dismissed for lack of subject matter
28 jurisdiction.

**C. Defendant's Motion to Dismiss for Failure to State a Claim**

Presently, this Court cannot ascertain the merits of Defendant's Motion to Dismiss. *See* Doc. No. 4-2, at 8. A determination of whether Plaintiff has failed to state a claim upon which relief can be granted "is premature when the district court is faced with a . . . subject-matter jurisdiction" question. *See 1199 DC, Nat'l Union of Hosp. and Health Care Employees v. Nat'l Union of Hosp. and Health Care Employees*, 533 F.2d 1205, 1208 (D.C. Cir. 1976). Simply stated, in absence of a subject matter jurisdiction, the Court "does not have the power to decide the case." *On Track Transp., Inc. v. Lakeside Warehouse & Trucking, Inc.*, 245 F.R.D. 213, 222 (E.D. Pa. 2007) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). Accordingly, Defendant's Motion to Dismiss is DENIED "as premature, subject to refiling if appropriate following resolution of the issue of subject matter jurisdiction." *See Hankins v. Norton*, No. 04-2196, 2005 WL 2141007, at *15 (D. Colo. Sept. 2, 2005).

### III.  CONCLUSION

Defendant's Motion to Dismiss is DENIED without prejudice, subject to possible refiling upon Court's discharge of this Order to Show Cause. The Court orders Plaintiff to show cause on or before October 10, 2008, why this case should not be dismissed for lack of subject matter jurisdiction or, alternatively, to dismiss this case voluntarily.

Defendant shall respond on or before October 24, 2008. If, upon diligent research, Defendant believes in good faith that this Court does not have subject matter jurisdiction, Defendant shall inform the Court of this fact in its response.

IT IS SO ORDERED.

DATED: September 12, 2008

Hon. Roger T. Benitez
United States District Judge